CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 14, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

mgIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| ELIJAH MILLNER, | ) |
|     Petitioner, | ) Case No. 7:22-cv-00020 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| ISRAEL HAMILTON, | ) By:  Joel C. Hoppe |
|     Respondent. | )        United States Magistrate Judge |

In March 2017, a Virginia Circuit Court convicted Petitioner Elijah Millner on one count of robbery, one count of attempted robbery, two counts of using or displaying a firearm during the commission of a felony, and one count of conspiring to commit robbery.[1] *See* Pet. 1, 5, ECF No. 1; Pet. Attach. 2, at 1–2, ECF No. 1-2. Millner pleaded no contest to all five counts, Pet. 1, and was sentenced to consecutive terms of imprisonment in the Virginia Department of Corrections. *See* Resp't's Ex. A, at 2, ECF No. 12-1. In April 2017, Millner appealed his conspiracy conviction and sentence to the Virginia Court of Appeals, but he voluntarily withdrew this appeal after the Circuit Court suspended his entire term of imprisonment on that count, Case No. CR16-1035. *See* Resp't's Br. 2 n.3.[2] Millner did not appeal the judgment of conviction on either firearms count,

---

[1] Each count was assigned its own criminal case number. Resp't's Br. Ex. A, *Commonwealth v. Millner*, Nos. CR16-1031, CR16-1032, CR16-1033, CR16-1034, CR16-1035, Re-Sentencing Order (Va. Cir. Ct. Mar. 14, 2017), ECF No. 12-1, at 1–4. Millner's § 2254 petition challenges only his convictions on the two firearms counts, No. CR16-1033 and No. CR16-1034. Pet. 1–3; *see generally Folkes v. Nelsen*, 34 F.4th 258, 268–69 (4th Cir. 2022).

[2] Copies of Millner's notice of direct appeal from Case No. CR16-1035 (Apr. 10, 2017); the Circuit Court's amended resentencing order suspending Millner's prison sentence on his conspiracy conviction (July 19, 2017); and Millner's motion to withdraw his direct appeal from Case No. CR16-1035 (Aug. 7, 2017) are on file with Chambers. A copy of the Virginia Court of Appeals' order granting Millner's motion to withdraw his direct appeal from Case No. CR16-1035 is attached as Exhibit B to Respondent's brief. Resp't's Ex. B, *Millner v. Commonwealth*, No. 1096-17-3 (Cir. Ct. No. CR16-1035), Order (Va. Ct. App. Aug. 18, 2017), ECF No. 12-2, at 1. Millner also filed a "motion to vacate" his robbery conviction in Case No. CR16-1031, which the Circuit Court denied on January 14, 2021. *See* Pet. 12; Pet'r's Br. 2, ECF No. 3; Pet'r's Br. Attach. 1, *Commonwealth v. Millner*, No. CR16-1031, Order (Va. Cir. Ct. Jan. 14, 2021), ECF No. 3-1, at 4–5; Resp't's Br. 3 n.4. Those filings, ECF No. 3-1, at 4–5, are not relevant to

Case Nos. CR16-1033 and CR16-1034. Pet. 1–2.

In April 2019, Millner filed a pro se habeas petition in the Virginia Supreme Court alleging (among other things) that his plea counsel "failed to investigate [Millner's] assertion that he used a toy pistol during the robbery and attempted robbery and, therefore, was not guilty of the two counts of use of a firearm in the commission of a felony."[3] Pet. Attach. 2, at 1–2; *see* Pet. 3, 5–6. On March 31, 2021, the Virginia Supreme Court dismissed Millner's habeas petition as untimely filed under § 8.01-654(A)(2). Pet. Attach. 2, *Millner v. Davis*, No. 190550, Order (Va. Sup. Ct. Mar. 31, 2021), ECF No. 1-2, at 1–2; *see also* Pet. 6, 13. Under that statute, Millner "was required to file his petition within two years from the final judgment entered in the trial court on March 14, 2017, [but] he failed to do so." Pet. Attach. 2, at 2. He also did not "file the petition within one year from the final disposition of his direct appeal on August 18, 2017." *Id.* (citing Va. Code § 8.01-654(A)(2)).

In December 2021, Millner filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. His federal habeas petition contains one ground for relief asserting that the firearms convictions, Case Nos. CR16-1033, CR16-1034, violate his Sixth Amendment right to counsel because Millner's trial attorney erroneously told him that merely "pointing your hand in [the] shape of a gun" was enough to support a conviction for using or displaying a "firearm" in

---

Millner's § 2254 petition challenging the judgments of his convictions on the two firearm counts, No. CR16-1033 and No. CR16-1034.

[3] A copy of Millner's state habeas petition is on file with Chambers. This petition challenged the legality of Millner's detention pursuant to all five of his convictions, Nos. CR16-1031 to CR16-1035, including the conspiracy conviction that he appealed (and then withdrew) to the Virginia Court of Appeals in 2017. *See* Pet. Attach. 2, at 1–2. The Virginia Court of Appeals granted Millner's request to withdraw his direct appeal from Case No. CR16-1035 on August 18, 2017. *Id.* at 2; Resp't's Ex. B, at 1. He did not appeal that order to the Virginia Supreme Court. *See* Pet. Attach 2, at 1.

commission of a felony. Pet. 5 (citing Va. Code § 18.1-53.1).[4] Millner told counsel "that he used a toy pistol during the robbery," but counsel "failed to investigate" whether a plastic toy met the statutory definition of a firearm before advising Millner not to contest those two counts. *Id.* at 3; *see* Pet. Attach. 1, at 1–4. Millner alleges that, but for counsel's "bad advice," he would not have pleaded no contest to either firearm offense. *Id.* at 3, 6. He would have insisted on going to trial where he "would have called a readily available witness" to testify that "the toy [pistol] used in the robbery was a plastic object held together with a paper clip." Pet. Attach. 1, at 1; *see also* Pet. 3; Pet. Attach. 1, at 2–4. Millner notes that he filed this § 2254 petition within one year after the Virginia Supreme Court dismissed his state habeas petition on March 31, 2021. *See* Pet. 5–6, 13.

Respondent Israel Hamilton filed a Rule 5 Answer and Motion to Dismiss, ECF No. 10, primarily arguing that Millner's § 2254 petition is time-barred because he filed it more than one year after his firearms convictions became final in 2017. *See* Resp't's Br. 3–6 (citing 28 U.S.C. § 2244(d)(1)(A)), ECF No. 12.[5] Millner timely replied. Pet'r's Reply, ECF No. 22. He does not dispute that his federal habeas petition is time-barred under § 2244(d). *See id.* at 2–3. Instead, he asks this Court to equitably toll his one-year limitations period because, "due to the inadequate law library while at the Danville City Jail [he] could not start the collateral attack for ineffective assistance of counsel" before VDOC took physical custody of him. *Id.* at 2; *accord id.* at 3 ("[T]he inadequate law library at the Danville City Jail prevented filing."). The Danville City Sheriff's

---

[4] Millner's § 2254 petition does not challenge his convictions for robbery, Case No. CR16-1031; attempted robbery, Case No. CR16-1032; or conspiracy to commit robbery, Case No. CR16-1035. *See generally* Pet. 1–16; Pet. Attach. 1, at 1–4, ECF No. 1-1; *Folkes*, 34 F.4th at 268–69.

[5] Alternatively, Respondent argues that the Virginia Supreme Court's decision dismissing Millner's state habeas petition as untimely filed, Resp't's Br. Ex. C (citing Va. Code § 8.01-654), ECF No. 13-3, bars this Court from considering the merits of Millner's Sixth Amendment claim unless he shows cause for the default and prejudice. *See generally* Resp't's Br. 6–10; 28 U.S.C. § 2254(b). I do not need to address this alternative argument.

3

Office transferred Millner to VDOC's custody in November 2017.[6] *Id.*; *see* Pet. Attach. 2, at 2. Three weeks later, VDOC transferred Millner to River North Correctional Center where he was temporarily "placed in [a] security housing unit." Pet'r's Reply 2. Millner was then moved to VDOC's Keen Mountain Correctional Center ("KMCC"), *id.* at 2–3, which is where he was housed when he filed his state habeas petition in April 2019.[7] Millner asserts, "[a]t that point the tolling period beg[a]n to run [until] March 31st 2021" when the "Virginia Supreme Court ruled [his] habeas petition untimely." *Id.* (citing Pet. Attach 2, at 1–2); *accord* Pet. 13 (citing 28 U.S.C. § 2244(d)(2)). He also asserts that he "diligently pursued" his habeas claims "once transferred to [VDOC] custody" in November 2017, but that "no bright lines could exist to determine when [he] would be afforded time to prepare in the [prison] law library because [all three] transfers took place in a short time period." *Id.* at 3 (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

\*

Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that [the person] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The statute, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, sets several limits on the court's power to grant such applications. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The one-year limitations period, 28 U.S.C. § 2244(d), is most relevant here. The parties agree that Millner needed to file this § 2254 petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A).

---

[6] On May 10, 2017, the Circuit Court entered an order directing that Millner be detained at the Danville City Jail and that he "not be transferred into" VDOC custody until further order. The Circuit Court rescinded this detention order on November 16, 2017.

[7] Copies of the relevant Virginia Supreme Court records are on file with Chambers.

*See* Resp't's Br. 3–6; Pet. 13; Pet'r's Reply 2–3. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" this one-year period. 28 U.S.C. § 2244(d)(2); *see Pace v*, 544 U.S. at 410. If Millner wanted to take advantage of statutory tolling, however, then he needed to "properly file" his state habeas petition *before* his one-year period to file his federal habeas petition expired. *Deville v. Johnson*, No. 1:09cv72, 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Put simply, "there is no period remaining to be tolled" once that one-year window closes. *Deville*, 2010 WL 148148, at *2 (citing *Webster*, 199 F.3d at 1259). A state postconviction petition that the "state court has rejected as untimely" also cannot pause the one-year limitations period under § 2244(d). *See Pace*, 554 U.S. at 412–13.

A federal court may dismiss as untimely any § 2254 petition filed beyond the statutory limitations period. *See Day v. McDonough*, 547 U.S. 198, 209–10 (2006); *Spencer v. Sutton*, 239 F.3d 626, 629 (4th Cir. 2001); *Wallace v. Jarvis*, 726 F. Supp. 2d 642, 644–45 (W.D. Va. 2010). It also may toll this one-year period "for equitable reasons . . . in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 640 (cleaned up). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023) (quoting *Holland*, 560 U.S. at 653). The Fourth Circuit's "existing 'extraordinary circumstances' test" requires the habeas petitioner to "present[] (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.* This stringent test permits equitable tolling only "in those

5

rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (cleaned up).

\*\*

In February 2017, Millner appeared with his attorney in the Circuit Court for the City of Danville and pleaded no contest to one count of robbery, one count of attempted robbery, two counts of using a firearm in commission of a felony, and one count of conspiracy to commit robbery. Pet. 1, 5; Resp't's Br. Ex. A, at 1. On March 14, 2017, the Circuit Court entered final judgments finding Millner guilty of each offense and sentencing him to consecutive terms of imprisonment. *See* Pet. Attach. 2, at 1; Resp't's Br. Ex. A, at 1–4. Under Virginia law, Millner had 30 days from the entry of judgment to appeal each conviction. *See Cross v. Gilmore*, 164 F. Supp. 3d 818, 819–20 (E.D. Va. 2016) (citing Va. Code § 8.01-675.3); *McAfee v. Angelone*, 87 F. Supp. 2d 605, 606 (W.D. Va. 2000). Millner never appealed his firearms convictions to the Virginia Court of Appeals or to the Virginia Supreme Court. Pet. 1–2 (citing Nos. CR16-1033, CR16-1034). Accordingly, those judgments became "final" on April 13, 2017.[8] *See Cross*, 164 F. Supp. 3d at 819–20; *McAfee*, 87 F. Supp. 2d at 606. Millner had one year from that date—i.e., until April 13, 2018—to file this § 2254 petition challenging the constitutionality of his firearms

---

[8] Respondent asserts that Millner's firearms convictions, Nos. CR16-1033, CR16-1034, "became final on August 18, 2017, the date upon which [he] withdrew his appeal from the Court of Appeals of Virginia." Resp't's Br. 4; *accord Turner v. Dir., Va. Dep't of Corrs.*, No. 1:13cv998, 2013 WL 6506179, at *1 (E.D. Va. Dec. 6, 2013) (concluding that the "petitioner's conviction became final at the latest on [the] date" he withdrew his notice of direct appeal). Given Millner's sworn assertion that he did not appeal the judgment of conviction in No. CR16-1033 or No. CR16-1034, Pet. 1–2, I find that each judgment became final when Millner's time to file a direct appeal expired on April 13, 2017, *see Miller v. Hooks*, 749 F. App'x 154, 159–60 (4th Cir. 2018) (applying *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012)). *Cf. Day*, 547 U.S. at 210 (holding that a federal judge may "doublecheck the State's math" and correct "a clear computation error" when determining the petitioner's filing deadline under § 2244(d)). Either way, Millner's federal habeas petition is clearly time-barred under § 2244(d)(1)(A).

convictions.[9] 28 U.S.C. § 2244(d)(1)(A). He filed this petition on December 27, 2021.[10] ECF No. 1, at 14. It is therefore untimely. *Wallace*, 726 F. Supp. 2d at 644–45.

*\*\*\**

Millner asks the Court to equitably toll his one-year limitations period. Pet. 13; Pet'r's Reply 2–3. He asserts that "the inadequate law library at the Danville City Jail prevented [him from] filing" any collateral attack based on his trial attorney's allegedly "ineffective assistance of counsel" while he was still housed at the local jail. Pet'r's Reply 2. Millner also asserts that he "diligently pursued" this claim "once transferred to [VDOC] custody" in November 2017, but that there was no way for him to know "when [he] would be afforded time to prepare in the library because" VDOC transferred him to three different facilities "in a short time period."[11] *Id.* at 3. These circumstances do not warrant equitable tolling. To start, Millner does not explain why the

---

[9] Millner's state habeas petition filed on April 11, 2019—nearly twelve months *after* his AEDPA deadline expired—did not toll this one-year period because there was nothing left to toll at that point. *See Deville*, 2010 WL 148148, at *2 (citing *Webster*, 199 F.3d at 1259). The Virginia Supreme Court's decision that Millner's habeas "petition was untimely filed" under § 8.01-654(A)(2), *see* Pet. Attach. 2, at 2, also establishes that this petition "was not 'properly filed'" within the meaning of § 2244(d)(2). *Pace*, 544 U.S. at 417.

[10] "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. . . . Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." R. 3(d), Rules Gov. § 2254 Cases. Millner declared under penalty of perjury that he placed his § 2254 petition in the prison mailing system on December 27, 2021. Pet. 14. The envelope was "mailed from KMCC" on January 12, 2022. *Id.* at 15.

[11] Millner also vaguely asserts that he "diligently purused" his IAC claim by submitting Virginia Freedom of Information Act requests to Danville City and Pittsylvania County for the investigative files in his criminal cases. *See* Pet'r's Br. 2–4 (referencing the "actual innocence" exception to § 2244(d)(1)); Pet'r's Br. Attach. 1, at 1–2. Millner submitted his FOIA request to Pittsylvania County in July 2021, more than three years after his AEDPA filing deadline expired. Pet'r's Br. Attach. 1, at 2. The Commonwealth's Attorney for the City of Danville denied Millner's FOIA request on December 3, 2019. *Id.* at 1. Millner does not allege that he submitted this request before April 13, 2018. *See* Pet'r's Br. 2–4. Even if he did, he does not explain how the requested investigative files relate to his IAC claim that his trial counsel "failed to investigate" whether a plastic toy met the *legal* definition of a "firearm" before advising Millner not to contest those two counts. Pet. 3–5; *see generally McQuiggins v. Perkins*, 569 U.S. 383, 393–95 (2013) (discussing the "actual innocence" exception to § 2244(d)(1)); *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.").

Danville City Jail's law library was "inadequate," let alone how those purported inadequacies actually prevented him from raising his IAC claim, Pet. 5, in any postconviction motion before April 13, 2018. *See, e.g.*, *Lucas-Bey v. Hathaway*, No. 1:07cv275, 2007 WL 4180773, at *2 (M.D.N.C. Nov. 20, 2007) (noting that the extraordinary circumstance must "actually prevent [the petitioner] from timely seeking collateral review in state or federal court"). Moreover, routine prison transfers and limited or unpredictable access to prison law libraries are not "extraordinary circumstances" in the habeas context. *See, e.g.*, *Allen v. Johnson*, 602 F. Supp. 2d 724, 728–29 (E.D. Va. 2009). Millner's decision to simply wait until he arrived at KMCC (sometime around early 2018) to even "start" working on his IAC claim, Pet'r's Reply 2–3, also shows a lack of reasonable diligence entirely within his control. *Cf. Way v. United States*, Civ. No. DKC 07-2183, 2011 WL 915339, at *4 (D. Md. Mar. 15, 2011) (noting that a prisoner who "simply [chooses] to wait" to raise his habeas claim does "so at his own peril"). Therefore, Millner has not shown extraordinary circumstances to equitably toll the limitations period, and his petition is time barred.

## IV. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss, ECF No. 11, is **GRANTED** and Millner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. 1, will be **DISMISSED with prejudice** as time-barred.

ENTER: August 14, 2024

Joel C. Hoppe
United States Magistrate Judge